854

## In re SENETOS.

District Court, D. California. September 21, 1928.

No. 2738.

W. H. Hatfield, of Sacramento, Cal., for trustee.

Bradford, Cross & Prior, of Sacramento, Cal., for mortgagee.

BOURQUIN, District Judge. In the order by claimant sought to be reviewed, the referee held that the mortgage on his auto by the bankrupt, executed to claimant, is invalid by reason of noncompliance with the local Vehicle Act, § 45 (St. Cal. 1923, p. 517). Said act is an elaborate code, which in the beginning defined owners of autos as persons having use or control thereof under lease or otherwise for 10 or more days, and legal owners thereof as persons holding legal title thereto. The former were required to register the auto in the state registry office, but the latter were not, unless their relation to the vehicle embraced both ownership and legal ownership. Upon registration, a certificate thereof issued to the owner, and a certificate of ownership to the legal owner. Section 45 provided that, upon a transfer of "title or interest" by either said owners, the parties to the transaction should sign the certificate of ownership, and thereupon the transferee should transmit said certificate, together with the certificate of registration, to the registry office, whereupon new registration must be made and new certificates issued, and until then the transfer shall "not be valid or effective for any purpose." The act so continues to this day, save that in 1923, by amendment, legal owner is defined as "a person who holds the legal title of a vehicle or a mortgage thereon." And that is the sole reference to mortgages or mortgagees in the act.

So far as names, labels, characterizations go, there is no limit to legislative power, save its sense of propriety. It may indulge in any absurdity therein for statutory purposes. Black may be called white, or a cow a horse, and the statute be valid. In the act involved the Legislature, by attaching the label of legal owner to a mortgagee, has injected confusion, and has corrupted and distorted legal language and terms of immemorial usage; yet in so far as on legal owners, including mortgagees, the statute imposes duties capable of performance, it is a valid enactment.

As the statute does not assume to change the character and effect of mortgages, it is clear that section 45 does not apply in case of a *mortgage executed* as here. However it may be in case of a *mortgage transferred.* For now, as before said amendment, a mortgage is a lien and not a transfer, the mortgagee is not a transferee, he is not entitled to either the certificate of ownership or of registration, or to registry at that time, if ever. Delivery of the vehicle is not made to him, and title does not pass to him, within the meaning of section 45, or at all.

At most, there may be limited room for the statute to operate upon a *transfer of a mortgage,* provided the mortgage existed at the time of some registration wherein the mortgagee's name appeared, and as a statutory "legal owner" a certificate of ownership might be given to him. That is not the instant case.

The referee's order is annulled.